1  Robert J. Stientjes
2  Stientjes & Tolu LLC
   9378 Olive Blvd.
3  Suite 307
   St. Louis, MO  63132
4  Telephone: 314-705-2771
5  rstientjes@taxdefensefirm.com

6

                    IN THE UNITED STATES DISTRICT COURT
7
                       CENTRAL DISTRICT OF ILLINOIS
8

9  UNITED STATES OF AMERICA            )
                                       )
10        Plaintiff,                   )
                                       )  Case No. 0753 <u>1:12-cr-10148-001</u>
11             vs.                     )
                                       )
12  PETER IAN TURNER,                  )  Defendant's Commentary on Special
                                       )  Sentencing Factors
13        Defendant.                   )  Sentencing: June 14, 2013
                                       )
14  _____

15        COMES NOW Defendant Peter Ian Turner, by and through the undersigned attorney, and

16  respectfully files this sentencing memorandum:

17

18

19  I.      Sentencing Recommendation

20        As set forth below, the tax loss in this matter is less than $400,000.  Pursuant to U.S.S.G.

21  § 2T4.1, the base offense level in this case is 18.  Defendant does not object to the assertion in

22  the PSIR that a two-level increase (sophisticated means enhancement) is merited under U.S.S.G.

23  § 2T1.4(b)(2).  Defendant objects to the assertion in the PSIR that a two-level increase

24  (obstruction of justice enhancement) is merited under U.S.S.G. § 3C1.1.  The PSIR asserts that

25  Defendant is entitled to a three-level decrease (acceptance of responsibility reduction) under

26  U.S.S.G. § 3E1.1(a).  Thus, Defendant asserts that the Total Offense Level is 17 and; pursuant to

27  the sentencing table, the guideline range for this case is 24-30 months.

28

1    Nevertheless, pursuant to Booker v. United States, 543 U.S. 220 (2005), a downward

2    departure from the federal sentencing guidelines is merited under the facts of this case.

3    Defendant is the primary means of support for his wife and two minor children.  Defendant is a

4    loving husband & father and a community leader whose assistance and care has benefited

5    numerous family members and other members of the Peoria community.  Furthermore, since at

6    least 2011, Defendant has accepted his tax liabilities and has taken all reasonable efforts to file

7    his tax returns and make repayments to the IRS.  The most important gesture of his commitment

8    to make repayment was the sale of his family home in June 2012 for the purpose of using

9    $203,677 of the sale proceeds to pay his tax liabilities.  He has the ability to pay-back the

10   remaining restitution amount in this case--plus penalties and interest--if he is given the

11   opportunity to continue working and to contribute to the community.  Therefore, Defendant

12   prays that this Court impose a sentence that does not include prison time and, instead, is limited

13   to home confinement and half-way house confinement.  Thus, Defendant prays for punishment

14   that is substantially less than the guideline-range of 24-30 months.

15       Included herewith as an Exhibit are letters of character reference drafted by Defendant's

16   wife, daughters, and pastor.  Defendant respectfully requests that this Court take special notice of

17   the letters drafted by Defendant's daughters.

18

19   II.    Overview

20       Defendant has been married to Christine Turner for over 19 years.  Defendant has two

21   children: Breanna Turner, age 17, and Abigail Turner, age 14.  Family members describe

22   Defendant as a devoted father, and someone who places his family first.  Breanna and Abigail

23   are terribly worried about how they will be provided for and cared for without the Defendant's

24   assistance.  Defendant is shattered by the impending separation from his family during his period

25   of incarceration.  The PSIR acknowledges that Defendant is committed to caring for and

26   supporting his wife and children.

27       Defendant has been employed as a pharmacist in the Peoria-area since 1990.  Defendant

28   lost his salaried position at Wal-Mart due to this conviction.  Defendant's Illinois pharmacist

license will be suspended in the near future due to this conviction but may be reinstated within a few years.  Defendant could repay his remaining restitution, penalties, and interest in a timely fashion.

Defendant took affirmative steps toward resolving his tax debts before he was indicted. Defendant has filed all of his delinquent income tax returns, and he has fully paid his 2012 and 2013 tax liabilities.


III.    Overview of Conduct

During the years at issue, Defendant has been convicted of tax evasion and failing to timely file Forms 1040, "U.S. Individual Income Tax Return," with respect to amounts that he earned from his work as a pharmacist.

III.    Sentencing Calculation

The amount of Tax Loss is slightly less than the calculation that Defendant previously supplied in the Objections to PSIR.  Thus, the Tax Loss set forth in the PSIR needs to be adjusted slightly.  The correct calculation is as follows:

1.    Tax Loss                                                    $373,942

2.    Base Offense Level                                        18

3.    Enhancement for Obstruction/Perjury              0

4.    Enhancement for Sophisticated Means              2

5.    Reduction for Acceptance of Responsibility      -3

6.    Total Offense Level                                        17

7.    Criminal History is category I

8.    With a Total Offense Level of 17 and a Criminal History Level of I, the resulting sentencing range is 24-30 months.

The tax loss for 2000-2011 is as follows:

| Year | Tax Loss Based on Tax Return |
|---|---|
| 2000 | $4,996 |
| 2001 | 11,383 |
| 2002 | 14,207 |
| 2003 | 10,981 |
| 2004 | 29,697 |
| 2005 | 44,389 |
| 2006 | 62,028 |
| 2007 | 43,059 |
| 2008 | 47,312 |
| 2009 | 44,847 |
| 2010 | 30,296 |
| Federal Subtotal | 343,195 |
| State Subtotal | 30,747 |
| TOTAL | 373,942 |

The TOTAL Tax Loss is less than the amounts set forth in the PSIR.

IV.    Objection to PSIR

Defendant objects to the assertion in the PSIR that a two-level increase (obstruction of justice enhancement) is merited under U.S.S.G. § 3C1.1.  The letter dated August 10, 2005 does not arise to the level of Obstruction of Justice.  The letter in question was sent to the IRS and a copy was sent to Jeannie Brazzell--who worked for Defendant's employer.  Thus, this item was not covert.  The letter attempts to refute the validity of a civil summons issued to Defendant's employer for records.  Taxpayers have a right pursuant to 26 U.SC. § 7609(b) to contest this type of summons in a court of law as being unenforceable or procedurally deficient.  Thus, Defendant

4

had a statutory right to challenge the enforceability of the summons. Defendant cannot obstruct

justice by stating that he will exercise a statutory right. Furthermore, pursuant to 26 U.S.C.

§ 7609(b), a summons issued to a third-party should not be acted upon by the third-party until the

taxpayer's rights to contest the summons are exhausted. Thus, a statement of accountability, for

harm committed by prematurely producing documents before a taxpayer's statutory rights are

exhausted, cannot arise to the level of obstruction of justice.

In addition, Defendant was manipulated by Dave Bossett, a self-proclaimed tax expert,

who was representing Defendant him during this process. The letter in question was written by

Dave Bossett and not Defendant. Defendant never willfully conveyed a threat to Jeannie

Brazzell. The statement of accountability, for harm committed by prematurely producing

documents, was a statement that was not identified or understood by Defendant at the time the

letter was drafted and sent.

Finally, the perceived threat in the statement of accountability for harm committed by

prematurely producing documents would not be a material threat. A statement that someone will

not be held harmless is not a physical threat. USSG § 3C1.1 requires the act of obstruction to be

"material."


V.    Prayer for Downward Departure

Pursuant to USSG § 5k2, a downward departure can occur where circumstances mitigate

the crimes at issue. In this case, Defendant is truly remorseful for the crimes he has committed.

Defendant has recognized his errors since at least 2011, and he has attempted to mitigate his

wrongful acts by filing tax returns on January 27, 2012 for 2004-2010, selling his family home &

using the proceeds to pay $203,677, timely filing his 2011 tax return, and timely & accurately

withholding to pay his 2012 tax liability and timely filing his 2012 tax return. In addition,

5

Defendant prepared 2000-2003 tax returns, which undersigned counsel refrained from filing in 2012 when the United States informed him that there was additional income that was not reflected on the IRS Wage & Income Transcripts.  The 2000-2003 tax returns, which incorporate all income sources, will be filed on June 11, 2013.  Defendant has taken reasonable steps to mitigate his errors and become a compliant taxpayer since 2011.  Thus, this conduct is equivalent to reverse relevant conduct and could be used to reduce the tax loss calculation pursuant to USSG § 5k2.

### VI.    Voluntary Surrender Order

Defendant respectfully requests that the Court issue a "Voluntary Surrender Order" that allows Defendant to voluntarily surrender to the designated institution rather than the U.S. marshal's office, if imprisonment is part of the final sentence.

### VII.    Facility Assignment

Defendant respectfully requests that the Court issue an Order that requests that Community Corrections Management and/or the BOP assign Defendant to a minimum-security, federal prison camp.  Specifically, Defendant seeks to be assigned to the Marion, IL facility, which maintains a minimum security facility for males.  The Marion facility is the closest minimum-security, federal prison camp to Peoria and will allow for the least amount of inconvenience to Defendant's family for visitation purposes.

WHEREFORE, Defendant respectfully submits this Sentencing Memorandum and requests that the Court enter an Order that is consistent with the items set forth herein.

1

DATED this 10th day of June 2013.

2

3

COUNSEL FOR DEFENDANT
4
PETER IAN TURNER

5
/S/ Robert J. Stientjes
6
ROBERT J. STIENTJES
STIENTJES & TOLU, LLC
7
9378 Olive Blvd., Ste. 307
Saint Louis, MO 63132
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing has been

forwarded to all counsel of record by means of electronic filing on this 10th day of June, 2013.

In addition, the undersigned certifies that a separate copy is being sent directly to all counsel of

record via electronic mail.

Greggory R. Walters
Assistant United States Attorney
One Technology Plaza
211 Fulton Street, Suite 400
Peoria, Illinois 61602
Tel: 309-671-7050
Fax: 309-671-7259
greggory.walters@usdoj.gov

Date: _____June 10, 2013_____          By: _____/s/ Robert J. Stientjes_____

**Robert J. Stientjes**
STIENTJES & TOLU, LLC
9378 Olive Blvd.
Suite 307
St. Louis, MO 63132
314/705-2771
Fax: 314/872-9556
Email: rstientjes@taxdefensefirm.com